IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS
(500 State Ave, Room 259, Kansas City, KS 66101)

Presidential Candidate Number P60005535 )
"also known as" (aka) Ronald Satish Emrit, )
& Presidential Committee/Political Action )
Committee/Separate Segregated Fund (SSF) )
Number C00569897 d/b/a United )
Emrits of America )
    Plaintiffs (Pro Se) )
) C. A. No.:  25-2012-EFM-ADM
v. )
)
Elon Musk, Vivek Ramaswamy, )
Speaker of the House Mike Johnson, & )
Department of Government Efficiency )
    Defendants )

FILED
U.S. District Court
District of Kansas
JAN 10 2025
Clerk, U.S. District Court
By_____ Deputy Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the following four defendants in the amount of $500 billion for the commission of Civil Rights violations and tortious interference with business relations/contracts: Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson (R- Louisiana), and Department of Government Efficiency. In bringing forth this complaint, the plaintiff states, avers, and alleges the following

I.) NATURE OF THE CASE

1.) The plaintiff is requesting that Magistrate Judge Karen Wells Roby authorize the U.S. Marshals to serve process on Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson (R- Louisiana) through Form USM-285 according to 28 U.S.C. Section 636.

2.) In the alternative, The plaintiff is requesting that the Magistrate Judge Donna Phillips Curraultauthorize the U.S. Marshals to serve process on Elon Musk, Vivek Ramaswamy, Speaker of the House Mike JOhnson (R- Louisiana) through Form USM-285 according to 28 U.S.C. Section 636.

3.) IN the alternative, The plaintiff is requesting that Magistrate Judge Janis Van Meerveld authorize the U.S. Marshals to serve process on Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson (R- Louisiana) through Form USM-285 according to 28 U.S.C. Section 636.

4.) Earlier this year in 2024, the plaintiff communicated with Hector Mayes of U.S. Marshals Service (USMS) at 500 Poydras Street about service of process on Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic REcords at 1710 Broadway in New York CIty even though service of process had been defective and the case was ultimately dismissed by Judge Sarah Vance for lack of subject matter jurisdiction and perhaps improper venue

## II.) PARTIES TO THIS LITIGATION

5.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland traveling with his father who is a widely-recognized musician in several states on the Atlantic coast). His current mailing address is 6655 38th Lane East, Sarasota, Florida 34243. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

6.) The first defendant is Elon Musk who owns SpaceX, Tesla, Twitter (X), and perhaps StarLink which provides internet service to Ukrainians.

7.) The second defendant is Vivek Ramaswamy, a pharmaceutical company owner with a conflict of interest regarding the Department of GOvernment Efficiency and government contracting and sweetheart deals awarded to companies that he owns involving government contracting.
8.) The third defendant is Speaker of the HOuse Mike Johnson from Louisiana who is a racist, conservative Congressman that is trying to impact the lives of African-Americabs who receive EBT/SNAP benefits, Medicare/Medicaid, Section 8 housing vouchers, etc..
9.) The fourth defendant is the Department of Government Efficiency, a non-existent agency that is not authorized by Congress to be making decisions regarding the Office of Management and Budget (OMB) involving project 2025 policies.

### III.) JURISDICTION AND VENUE

10.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"
11.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.
12.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Eastern Louisiana (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the four defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.
13.) As an Article III court, the U.S. District Court for the District of Louisiana also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.
14.) Therefore, a federal question is presented by the implication of the

black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

15.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

16.) Because the amount in controversy does exceeds $75,000 (i.e. $500,000,000,000 is more than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

## IV.) STATEMENT OF FACTS

17.) The defendants are trying to make one trillion dollars worth of budget cuts which would affect the lives of African-Americans who received food stamps (EBT/SNAP benefits), SSI, SSDI, Section 8 housing vouchers, Temporary Assistance to Needy Families (TANF), Women Infants and Children Programs (WIC), and other programs subsidized by federal government.

18.) The defendants are trying to abolish the U.S. Department of Education which provides grants and loans for underprivileged Americans trying to get a college education.

19.) The defendants are not elected officials with the notable exception of Speaker of the House Mike Johnson and therefore the American people did not give a mandate to either Elon Musk or Vivek Ramaswamy to destroy the lives of many Americans living in poverty whether that is in the trailer parks of the Appalachian mountains or in the ghettoes of the Bronx, Brooklyn, or South Central Los Angeles.

20.) Because the plaintiff is disabled with bipolar disorder, the plaintiff argues that he has standing to bring this case against all four defendants listed.

## V.) COUNT ONE: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

39.) The plaintiff argues that the five defendants are violating the Civil Rights Act of 1964 by trying to make one trillion dollars worth of budget reduction in the United States which would affect the lives of poor people of all races and ethnicities in the United States.

## VI.) COUNT TWO: VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

39.) The plaintiff argues that the five defendants are violating the Equal Protection Clause of the 5th and 14th Amendments by trying to make one trillion dollars worth of budget reduction in the United States which would affect the lives of poor people of all races and ethnicities in the United States.

## VII.) COUNT THREE: VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

The plaintiff argues that the five defendants are violating the Due Process Clause of the 5th and 14th Amendments by trying to make one trillion dollars worth of budget reduction in the United States which would affect the lives of poor people of all races and ethnicities in the United States.

## VIII.) COUNT FOUR: VIOLATION OF THE PRIVILEGES AND IMMUNITIES CLAUSE OF ARTICLE IV, SECTION 2, CLAUSE 1 (COMITY CLAUSE)

The plaintiff argues that the five defendants are violating the Privileges and Immunities Clause of Article IV, Section 2, Clause 1 by trying to make one trillion dollars worth of budget reduction in the United States which would affect the lives of poor people of all races and ethnicities in the United States.

## IX.) COUNT FIVE: VIOLATION OF THE RIGHT TO PRIVACY

The plaintiff argues that the five defendants are violating the Fourth Amendment right to privacy by trying to make one trillion dollars worth of budget reduction in

the United States which would affect the lives of poor people of all races and ethnicities in the United States.

## X.) COUNT SIX; VIOLATION OF THE FREEDOM OF ASSOCIATION

The plaintiff argues that the five defendants are violating the First Amendment freedom of association by trying to make one trillion dollars worth of budget reduction in the United States which would affect the lives of poor people of all races and ethnicities in the United States.

## VI.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is seeking punitive, compensatory, and treble damages in the approximate amount of $500 billion against the four governmental defendants seeking joint and several liability whereby the defendants would presumably seek contribution and indemnity from each other through the filing of cross-claims. The plaintiff is also requesting that the Magistrate JUdge Karen Wells Roby of Tulane University, Magistrate Judge Janis Van Meerveld, and/or Magistrate JUdge Donna Phillips Currault make a criminal referral to U.S. Department of Justice (USDOJ) at 950 Pennsylvania Avenue, NW Washington, DC 20530 for the attorney general of the United States (Merick Garland) to file a criminal indictment and/or information against Elon Musk for foreign election interference as a man from South Africa who paid for Americans to vote. In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) This proposed judgment in the amount of $500,000,000,000 would be considered to be punitive, compensatory, and treble damages for the violation of The Civil Rights Act of 1964.

B.) The plaintiff is also seeking the equitable remedy of an injunction requiring and/or mandating that the U.S. attorneys in Eastern Louisiana, Western Louisiana, and/or Middle Louisiana file a criminal indictment and/or information against Elon Musk for interfering with the American election as a foreign actor from South Africa who probably supports apartheid.

C.) Furthermore, the plaintiff is seeking the equitable remedy of an injunction requiring and/or mandating that the Department of Government Efficiency be precluded and/or enjoined from affecting the Office of Management and Budget (OMB) and/or from obstructing Congress and legislation with tweets and/or policy recommendations.

D.) Finally, the plaintiff is seeking the equitable remedy of an injunction mandating and/or requiring that President Donald J. trump be precluded and/or enjoined from creating a Department of Government Efficiency without Senate Confirmation as this would violate the separation-of-powers doctrine (formation of Department of Government Efficiency without Congressional approval)

                                                                       Respectfully submitted,

*[signature]*

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com

Satish Emu'T
6655 38th Lane East
Sarasota, Florida 34243

Attn: Clerk of the Court
U.S. District Court of Kansas
500 State Avenue
Room # 259
Kansas City, KS 66101

RECEIVED
JAN 10 2025
CLERK, U.S. DISTRICT COURT
KANSAS CITY, KANSAS